| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served by Mail | 2321 - Served by Mail | |
| 2420 - Served by Publication | 2421 - Served by Publication | |
| SUMMONS | ALIAS SUMMONS | (2-81) CCG-1 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

NIOLANI HOLOMAN

    Plaintiff,

vs.                        No.: 11 L 006929

CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS    **PLEASE SERVE:**

    Defendant.                   **See attached service list**

### SUMMONS

To each defendant:

    YOU ARE SUMMONED and required to file an answer in this case, or otherwise file your appearance in the office of the clerk of this court (located in the Richard J. Daley Center, Room *801, Chicago, Illinois 60602, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT, A COPY OF WHICH IS HERETO ATTACHED.

To the officer:

    This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed. This summons may not be served later than 30 days after its date.

WITNESS, . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . , 2011

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                                   Clerk of Court

| Name: | Santilli Law Group, Ltd. |
|---|---|
| Attorney for: | Plaintiff |
| Address: | 111 W. Washington Street, Suite 1240 |
| City: | Chicago, Illinois 60602 |
| Telephone: | (312) 444-9606 |
| Atty. No.: | 30113 |

Date of service: . . . . . . . . . . . . . . . . . . . . . . . . . . . , 2011
(To be inserted by officer on copy left with
defendant or other person)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY

*Law Division Room 801
Chancery-Divorce Division Room 802
County Division Room 801
Probate Division Room 1202

**Exhibit A**

## SERVICE LIST

Cellco Partnership d/b/a Verizon Wireless
c/o Beth McCandless
Manager-Employee Relations
One Allied Drive
Little Rock, AR 72202

Cellco Partnership d/b/a Verizon Wireless
c/o John R. Seewald
Counsel, Labor & Employment
One Verizon Way
VC52N079
Basking Ridge, NJ 07920

Cellco Partnership d/b/a Verizon Wireless
c/o Registerd Agent CT Corporation Systems
208 South LaSalle Street
Suite 814
Chicago, IL 60604

#30113

ASV/ajf

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

NIOLANI HOLOMAN,                    )
                                    )
                    Plaintiff,      )        No.:    2011L006929
                                    )                CALENDAR/ROOM U
        vs.                         )                TIME 00:00
                                    )                Other Con Litigation
                                    )        Amount Claimed: $50,000.01
CELLCO PARTNERSHIP d/b/a VERIZON    )        plus costs
WIRELESS, a Delaware corporation,   )
                    Defendant.      )

FILED 11 JUL -5 PM 3:35

### COMPLAINT AT LAW

     NOW COMES the Plaintiff, NEOLANI HOLOMAN, by and through her attorneys, SANTILLI LAW GROUP, LTD., and complaining of the Defendant, CELLCO PARTNERSHIP d/b/a VERIZON WIRELESS, a Delaware corporation (hereinafter the "Defendant" or "VERIZON WIRELESS"), states as follows:

### COUNT I – Discrimination in violation of the Illinois Human Rights Act, Sec. 2-103

1. The Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights (IDHR) on or about April 6, 2010, Charge No. 2010CA3082, a copy of which is attached hereto as Plaintiff's Exhibit "A".

2. That charge was cross-filed with the Equal Opportunity Employment Commission, Charge No. 21B-2010-01633, because of the nature of the allegations contained therein: impermissible discrimination under the Americans with Disabilities Act (ADA). A copy of the "EEOC Notice of Charge Filed" is attached hereto as Plaintiff's Exhibit "B".

1

3. The IDHR failed to investigate Plaintiff's charge within the time they are allotted by statute, 365 days, by virtue of which the Plaintiff has the right to sue VERIZON WIRELESS in Circuit court.

4. A "Right to Sue Letter" from the EEOC was issued upon the Plaintiff's request and is attached hereto as Plaintiff's Exhibit "C".

5. At all relevant times, Plaintiff NIOLANI HOLOMAN was a resident of the City of Chicago, County of Cook and State of Illinois.

6. At all relevant times, Defendant VERIZON WIRELESS was foreign corporation headquartered in New Jersey, doing business in an around the County of Cook and State of Illinois, including at a call center in Elgin.

7. From approximately May 5, 2005 until approximately April 2, 2010, the Plaintiff was employed by the Defendant as a "Customer Care Coordinator" in one of Defendant's call centers in Elgin, Illinois.

8. The Plaintiff was served with a motion related to an ongoing eviction proceeding in which she was a Defendant, 09 M1 722234, and was required to appear in Cook County Circuit Court on March 18, 2010 as the Defendant in an eviction proceeding, 09 M1 722234. A copy of said motion and the Complaint in that case are attached hereto as Plaintiff's Exhibit "D".

9. On or before March 18, 2010 the Plaintiff showed the abovementioned court documents to her direct supervisor, Dimone Walker, and requested of the same that the time off she had taken pursuant to the abovementioned court appearance be paid and excused, pursuant to Defendant's "Subpoena Pay Policy."

2

10. That request was denied, and the supervisor told the Plaintiff that the supervisor was unsure if the documents that Plaintiff tendered to Defendant indicated a court appearance that fell under Defendant's "Subpoena Pay Policy."

11. On March 23, 2010, the Plaintiff requested an appointment with Elizabeth Harris of the Defendant's Elgin human resources department to request the time off she had taken pursuant to the abovementioned court appearance be paid and excused, pursuant to Defendant's "Subpoena Pay Policy," by emailing her request to Elizabeth Harris of Defendant's Elgin human resources department.

12. On March 24, 2010, Elizabeth Harris replied by email asking the Plaintiff her availability for a meeting to discuss her request.

13. The abovementioned email from Elizabeth Harris also explained that Defendant would not excuse or pay for an employee's absence to appear in court related to the employee's own criminal activity.

14. On March 26, 2010, in a "Manager Statement of Facts," Dimone Walker stated that Plaintiff's supporting document for her "Subpoena Pay" request did not appear to be a subpoena, but instead was related to "possession" and as such did not support her request for March 18, 2010 absence to be excused and paid under Defendant's "Subpoena Pay Policy."

15. On April 2, 2010, the Plaintiff's employment with Defendant was terminated.

16. It is a civil rights violation to discharge an employee because of the fact of an arrest. 735 ILCS 5/2-103(A).

17. The Plaintiff was terminated because of the Defendant's mistaken belief that the Plaintiff had requested "Subpoena Pay" for a court appearance that was related to an arrest, contrary to and in violation of the section of the Illinois Human Rights Act, 735 ILCS 5/2-103(A).

3

WHEREFORE, the Plaintiff, NIOLANI HOLOMAN, respectfully requests this Honorable Court enter judgment against the Defendant, VERIZON WIRELESS, of an amount in excess of the jurisdictional minimum, plus costs and all other just and proper relief.

## In the alternative, COUNT II – Discrimination in violation of the Americans With Disabilities Act (hereinafter the "ADA")

18. Plaintiff adopts, re-alleges and incorporates by reference each and every allegation of Paragraphs 1 through 15 of this Complaint as though fully set forth herein.

19. Plaintiff is a lifelong sufferer of asthma, which regularly interferes with her activities of daily living, including her ability to work, and as such is a disability under the ADA.

20. On numerous occasions, Plaintiff informed Defendant that her absenteeism from work was being caused by her asthma.

21. On September 20, 2007, the Plaintiff requested and was denied Family Medical Leave Act (hereinafter "FMLA") leave to seek medical treatment and care for her disability, asthma.

22. On September 21, 2007, the Plaintiff requested and was denied FMLA leave to seek medical treatment and care for her disability, asthma.

23. On September 22, 2007, the Plaintiff requested and was denied FMLA leave to seek medical treatment and care for her disability, asthma.

24. On October 18, 2007, the Plaintiff requested and was denied FMLA leave to seek medical treatment and care for her disability, asthma.

25. On October 19, 2007, the Plaintiff requested and was denied FMLA leave to seek medical treatment and care for her disability, asthma.

26. On October 20, 2007, the Plaintiff requested and was denied FMLA leave to seek medical treatment and care for her disability, asthma.

4

27. On November 4, 2007, the Plaintiff requested and was denied FMLA leave to seek medical treatment and care for her disability, asthma.

28. On December 3, 2007, the Plaintiff requested and was denied FMLA leave to seek medical treatment and care for her disability, asthma.

29. In the year 2009, the Plaintiff missed 135 hours of work to seek medical care and treatment for her disability, asthma.

30. The Plaintiff was placed on short term disability leave from January 18, 2010 until March 14, 2010, to allow her time to seek medical treatment and care for her disability, asthma.

31. Defendant terminated Plaintiff citing excessive absenteeism on April 2, 2010.

32. The abovementioned termination was an adverse employment action under the ADA because the Plaintiff has a documented medical condition and the Defendant could have given her reasonable accommodations to perform her job.

33. The discharge of an employee with a documented medical condition, when that employee could have been given reasonable accommodations to perform her job, is an adverse employment action, and constitutes disability discrimination that is contrary to and in violation of the ADA.

34. The Defendant's attendance standard provide an inflexible worker's compensation leave policy

35. A company attendance standard that provides an inflexible worker's compensation leave policy fails to reasonably accommodate employees with disabilities, contrary to and in violation of the ADA.

5

WHEREFORE, the Plaintiff, NIOLANI HOLOMAN, respectfully requests this Honorable Court enter judgment against the Defendant, VERIZON WIRELESS, of an amount in excess of the jurisdictional minimum, plus costs and all other just and proper relief.

Respectfully Submitted,

THE SANTILLI LAW GROUP, LTD.

By: _____

One of the Attorneys for Plaintiff

Alfred S. Vano
SANTILLI LAW GROUP, LTD.
111 West Washington Street
Suite 1240
Chicago, IL 60602
312-444-9606
#30113

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form. #10W0406-09 | ☒ IDHR  ☐ EEOC | 2010CA3082 |

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.) Ms. Niolani Holoman | TELEPHONE NUMBER (include area code) (773) 932-4500 | |
|---|---|---|
| STREET ADDRESS 2922 W. Fulton Street, Apt. #3 | CITY, STATE AND ZIP CODE Chicago, Illinois 60612 | DATE OF BIRTH 03/ 20 / 67 M   D   YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT Verizon Wireless | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE NUMBER (include area code) (847) 289-3977 |
|---|---|---|
| STREET ADDRESS 777 Big Timber Road | CITY, STATE AND ZIP CODE Elgin, Illinois 60123 | COUNTY DuPage (043) |

| CAUSE OF DISCRIMINATION BASED ON: Race        Age        Sex        Physical Disability | DATE OF DISCRIMINATION EARLIEST (ADEA/EPA)  LATEST (ALL) 04/02/10 |
|---|---|
| | ☐ CONTINUING ACTION |

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I.   A.   ISSUE/BASIS

      DISCHARGE, APRIL 2, 2010, BECAUSE OF MY RACE, BLACK.

    B.   PRIMA FACIE ALLEGATIONS

        1.   My race is black.

        2.   I have satisfactorily performed my duties as a customer care coordinator and have been employed with Respondent since May 2, 2005.

Page 1 of 3

| I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME THIS _6_ DAY OF _April_ , 2010 _Jacquelyn Turner Hamb_ NOTARY SIGNATURE |
|---|---|
| OFFICIAL SEAL JACQUELYN TURNER HAMB NOTARY PUBLIC - STATE OF ILLINOIS MY COMMISSION EXPIRES:09/28/13  NOTARY STAMP | _Niolani Holoman_   4-6-2010 SIGNATURE OF COMPLAINANT   DATE I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

EEO-5 FORM (Rev. 2/09-INT)

PLAINTIFF'S EXHIBIT A

Charge Number: 2010CA3082
Complainant: Niolani Holoman
Page 2 of 3

3. On or about April 2, 2010, I was discharged by Chris Gallicho (white), Respondent's Associate Director. Gallicho stated I was being discharged due to attendance related problems.

4. Similarly situated non-black employees, who also possess similar attendance related problems, were not discharged.

II. A. ISSUE/BASIS

DISCHARGE, APRIL 2, 2010, BECAUSE OF MY AGE, 43.

B. PRIMA FACIE ALLEGATIONS

1. I am 43 years of age.

2. I have satisfactorily performed my duties as a customer care coordinator and have been employed with Respondent since May 2, 2005.

3. On or about April 2, 2010, I was discharged by Chris Gallicho (40's), Respondent's Associate Director. Gallicho stated I was being discharged due to attendance related problems.

4. Similarly situated employees, who are younger than age 40 or who are significantly younger than me, who also possess similar attendance related problems, were not discharged.

III. A. ISSUE/BASIS

DISCHARGE, APRIL 2, 2010, BECAUSE OF MY SEX, FEMALE.

B. PRIMA FACIE ALLEGATIONS

1. My sex is female.

2. I have satisfactorily performed my duties as a customer care coordinator and have been employed with Respondent since May 2, 2005.

3. On or about April 2, 2010, I was discharged by Chris Gallicho (male), Respondent's Associate Director. Gallicho stated I was being discharged due to attendance related problems.

Charge Number: 2010CA3082
Complainant: Niolani Holoman
Page 3 of 3

        4.    Similarly situated male employees, who also possess similar attendance related problems, were not discharged.

IV.   A.   ISSUE/BASIS

        DISCHARGE, APRIL 2, 2010, BECAUSE OF MY PHYSICAL DISABILITY, RESPIRATORY DISORDER (ASTHMA).

    B.   PRIMA FACIE ALLEGATIONS

        1.    I am an individual with a disability as defined under Section 1-103(I) of the Human Rights Act.

        2.    Respondent has knowledge of my condition.

        3.    On or about April 2, 2010, I was discharged by Chris Gallicho, Respondent's Associate Director.  Gallicho stated I was being discharged due to attendance related problems.

        4.    Similarly situated employees, who do not possess a disability and who also possess similar attendance related problems, were not discharged.

        5.    My disability does not affect my ability to perform the essential duties of my job.

ACF/acf



## U.S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Chicago District Office

500 West Madison St., Suite 2000
Chicago, Il 60661-2511
PH: (312) 353-2713
TDD: (312) 353-2421
ENFORCEMENT FAX: (312) 886-1168
LEGAL FAX: (312) 353-8555

**IMPORTANT NOTICE. PLEASE READ CAREFULLY. KEEP THIS
NOTICE WITH YOUR OTHER RECORDS OF THIS CHARGE.
THIS MAY BE THE ONLY NOTIFICATION FROM EEOC.**

**IDHR CHARGE NUMBER: 2010CA3082     HOLOMAN NIOLANI**

# EEOC NOTICE OF CHARGE FILED

You are filing a charge of employment discrimination with the Illinois Department of Human Rights (IDHR).

As a result of an agreement between the Illinois Department of Human Rights (IDHR) and the U. S. Equal Employment Opportunity Commission (EEOC), the EEOC will also receive for filing the subject charge of discrimination.

You are encouraged to cooperate with the IDHR in the investigation of your charge. The final findings and orders of that agency may be adopted by the EEOC.

The IDHR will process your charge. Under Section 1601.76 of EEOC's regulations, you are entitled to request that EEOC review the IDHR's investigation and findings. To obtain this review, you must request it by writing to this office within 15 days of your receipt of the IDHR's final findings of your case. If we do not receive such a request for a review, EEOC will likely accept the IDHR's findings without any review or any other processing by EEOC.

EEOC regulations require that you notify us of any change in address and keep us informed of any prolonged absence from your current address. Your cooperation in this matter is essential.

*PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE
DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN
APPOINTMENT IS REQUIRED, CALL (312) 353-2713 OR 1-800-669-4000.*

EEOC NOTICE



PLAINTIFF'S
EXHIBIT
B

EEOC Form 161-B (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: **Niolani Holoman**<br>**2922 W Fulton St #3**<br>**Chicago, IL 60612**<br><br>**CERTIFIED MAIL 7011 0110 0001 8769 6028** | From: **Chicago District Office**<br>**500 West Madison St**<br>**Suite 2000**<br>**Chicago, IL 60661** |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **21B-2010-01633** | **Armernola P. Smith,**<br>**State & Local Coordinator** | **(312) 869-8082** |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*John P. Rowe/mjh*

May 13, 2011

Enclosures(s)

**John P. Rowe,**
**District Director**

(Date Mailed)

cc: **VERIZON WIRELESS**
**777 Big Timber Rd**
**Elgin, IL 60123**



PLAINTIFF'S EXHIBIT C

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

#10W0406-09

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ IDHR | 2010CA3082 |
| ☐ EEOC | |

## Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br>Ms. Niolani Holoman | TELEPHONE NUMBER (include area code)<br>(773) 932-4500 |
|---|---|

| STREET ADDRESS<br>2922 W. Fulton Street, Apt. #3 | CITY, STATE AND ZIP CODE<br>Chicago, Illinois 60612 | DATE OF BIRTH<br>03/ 20 / 67<br>M   D   YEAR |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br>Verizon Wireless | NUMBER OF EMPLOYEES, MEMBERS<br>15+ | TELEPHONE NUMBER (include area code)<br>(847) 289-3977 |
|---|---|---|

| STREET ADDRESS<br>777 Big Timber Road | CITY, STATE AND ZIP CODE<br>Elgin, Illinois 60123 | COUNTY<br>DuPage (043) |
|---|---|---|

| CAUSE OF DISCRIMINATION BASED ON:<br>Race      Age      Sex      Physical Disability | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br>04/02/10<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I. A.   ISSUE/BASIS

DISCHARGE, APRIL 2, 2010, BECAUSE OF MY RACE, BLACK.

B.   PRIMA FACIE ALLEGATIONS

1. My race is black.

2. I have satisfactorily performed my duties as a customer care coordinator and have been employed with Respondent since May 2, 2005.

Page 1 of 3

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

SUBSCRIBED AND SWORN TO BEFORE ME

THIS 6 DAY OF April , 2010

NOTARY SIGNATURE

OFFICIAL SEAL
JACQUELYN TURNER HAMB
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/25/13

NOTARY STAMP

SIGNATURE OF COMPLAINANT        DATE   4-6-2010

I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

EEO-5 FORM (Rev. 2/09-INT)

Charge Number: 2010CA3082
Complainant: Niolani Holoman
Page 2 of 3

3.  On or about April 2, 2010, I was discharged by Chris Gallicho (white), Respondent's Associate Director.  Gallicho stated I was being discharged due to attendance related problems.

4.  Similarly situated non-black employees, who also possess similar attendance related problems, were not discharged.

II.  A.  ISSUE/BASIS

DISCHARGE, APRIL 2, 2010, BECAUSE OF MY AGE, 43.

B.  PRIMA FACIE ALLEGATIONS

1.  I am 43 years of age.

2.  I have satisfactorily performed my duties as a customer care coordinator and have been employed with Respondent since May 2, 2005.

3.  On or about April 2, 2010, I was discharged by Chris Gallicho (40's), Respondent's Associate Director.  Gallicho stated I was being discharged due to attendance related problems.

4.  Similarly situated employees, who are younger than age 40 or who are significantly younger than me, who also possess similar attendance related problems, were not discharged.

III.  A.  ISSUE/BASIS

DISCHARGE, APRIL 2, 2010, BECAUSE OF MY SEX, FEMALE.

B.  PRIMA FACIE ALLEGATIONS

1.  My sex is female.

2.  I have satisfactorily performed my duties as a customer care coordinator and have been employed with Respondent since May 2, 2005.

3.  On or about April 2, 2010, I was discharged by Chris Gallicho (male), Respondent's Associate Director.  Gallicho stated I was being discharged due to attendance related problems.

Charge Number: 2010CA3082
Complainant: Niolani Holoman
Page 3 of 3

4. Similarly situated male employees, who also possess similar attendance related problems, were not discharged.

IV. A. ISSUE/BASIS

DISCHARGE, APRIL 2, 2010, BECAUSE OF MY PHYSICAL DISABILITY, RESPIRATORY DISORDER (ASTHMA).

B. PRIMA FACIE ALLEGATIONS

1. I am an individual with a disability as defined under Section 1-103(I) of the Human Rights Act.

2. Respondent has knowledge of my condition.

3. On or about April 2, 2010, I was discharged by Chris Gallicho, Respondent's Associate Director. Gallicho stated I was being discharged due to attendance related problems.

4. Similarly situated employees, who do not possess a disability and who also possess similar attendance related problems, were not discharged.

5. My disability does not affect my ability to perform the essential duties of my job.

ACF/acf

Motion - General Form (This form replaces CCMD-39)                    (2/24/05) CCG N702

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Kirby L. Mack*

                            **Plaintiff(s)**

v.

*Niolana Holoman*

                            **Defendant(s)**

No. 09_____234

TO: *Niolana Holoman*

MOTION BY *Kirby Mack* FOR *Ext. to Enforce*

*Requesting for ext. of Order of Possession dated ____ per the request of Cook County Sheriffs Dept.*

I (We) do hereby certify that a copy of this instrument was served upon all parties who have appeared and have not previously been found by the Court to be in default for failure to plead.

Dated: _____

**Attorney Certification**

Atty. No.: _____
Name: *Kirby Mack*
Atty. for: *Pro/Se*
Address: *5018 B West Van Buran St*
City/State/Zip: *Chicago Ill 60644*
Telephone: _____

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT

PLAINTIFF'S EXHIBIT
D

0005
0006
Complaint (Joint Action) Forcible Detainer-Rent/Damage Claims    CCM N028-60M-3/02/05 (

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### MUNICIPAL DEPARTMENT/DISTRICT FIRST

09 SEP -8 PM 1:35

Kirbie L. Mack

Plaintiff(s)

No. 090091722234 CALENDAR/ROOM 1406
TIME 09:30
Joint Action

Rent or Damage Claimed $ 5,212.00

v.

Niolani Holoman.

Defendant(s)

Return Date  Sept 23, 2009

### COMPLAINT

The Plaintiff(s) claim as follows:

   1.   The Plaintiff(s) is/are entitled to the possession of the following described premises in the City or Village of:
5018 B West Van Buren Street, Chicago, Illinois 60644

_____

_____

_____

_____

_____

   2.   The Defendant(s) unlawfully withhold possession thereof from the Plaintiff(s) Niolani Holoman

   3.   There is due to Plaintiff(s) from the Defendant(s) for rent or for damages for withholding possession of said premises from July 1, 2009               , RENT    to  AND September 8, 2009        , RENT
after allowing the Defendant(s) all just credits, deductions and set-offs, the sum of $ 5,212.00

   The Plaintiff(s) claim(s) possession of the property and $ 5,212.00                                as
rent or damages.

Atty. Code:  PRO SB-99500

Name:   Kirbie L. Mack

Attorney for:

Address:  13 Esther Court

City/State/Zip: Madison, Wisconsin 53714-1746

Telephone: 608-244-8282

Attorney for Plaintiff(s)

I/We, Kirbie L. Mack                                            , on oath state that I/we am/are the
Plaintiff(s) in the above entitled action. The allegations in this complaint are true.

Kirbis L. Mack

[x] Under penalties as provided by law pursuant to 735 ILCS 5/1-109
the above signed certifies that the statements set forth herein are
true and correct.

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
ORIGINAL COURT FILE